May it please the Court. I'm Tom Weathered. I'm the attorney for Tuan Du. We're appealing from a judgment by the District Court for the Northern District of California denying Mr. Du's claim for supplemental security and Social Security benefits. And the basis of our appeal is that there was a legal error committed by the District Court and by the administrative law judge. The administrative law judge failed to mention the testimony of the examining psychologist, Dr. Chafee, and under clear regulation and Ninth Circuit precedent. Was that examining or treating? She was apparently an examining psychologist, Your Honor, and I think that the case law is very clear that that is a basis for reversal, the failure to mention that report. Well, unless it's harmless, right? Or is it automatic? I don't think it can be harmless. The defendant has advanced a number of reasons why the court could have rejected or the ALJ, excuse me, could have rejected the testimony of Dr. Chafee, but he didn't articulate any of those reasons. And the case law pretty clearly requires that the ALJ articulate his reasons for rejecting the testimony of an examining psychologist, and that was not done in this case. I don't quite understand. The District Court decided that it was harmless and it would have come out the same way and gave reasons for it. Your Honor, the District Court decided that it was harmless based on arguments about why it could have been, the opinion of the psychologist could have been disregarded by the administrative law judge, but he didn't advance any of those reasons himself. And the case law is also very clear that the decision of the administrative law judge can only be upheld based on arguments that appear in that decision. In other words, we can't come up with after-the-fact arguments to justify that decision. The ALJ has to articulate those decisions so that they may be reviewed by the courts. And a district court, an Article III district court judge reviewing that, if it's clear from the record that it would make no difference, there's cases that say that's insufficient? I don't think that that's the case in this case, but I think that the cases say that that's insufficient. You're a little bit too close to the microphone. Excuse me, Your Honor. Listen to my question. I just want to get the law set. Can a district court judge in a situation such as this look at the record as a whole and determine that it's harmless and there's no reason to send it back? I don't think he can on this type of error because the court can only affirm or remand the case based on the reasons advanced by the administrative law judge in his decision. And the administrative law judge did not advance any reasons in this particular case. He did not have any discussion of the decision of the psychologist. Furthermore, I'm sorry. Do you have a case that specifically says that they can't find this one type of error harmless? Is there or have we held that? Yes, Your Honor. I believe that the Stout case holds that. Citation. 454 Federal Report or 3rd Series. 2nd Series or 3rd Series? 3rd Series. 454 Fed 3rd. 1,050. Now, that is a case involving lay testimony. But I think that the principle applies under Beneke. I beg your pardon? What was held in that case? That the ALJ error lies in failure to discuss the competent lay testimony. And here, the error was in failure to discuss the testimony of the examining psychiatrist. He goes to the district court in that case said it was harmless so we don't need to send it back. And who, our court reversed? That's correct. What was the name of the case? Stout. Stout. Okay. So the district judge, as I recall, he said even if I completely credit the testimony, it would come out the same way. I don't think that you can credit that testimony as true and come out that same way because there's a conclusion by the psychologist that he had a GAF of 50, that he would miss more than four days of work per month, and that he had a very limited capacity for work-like activities. There's also a so I think that that would not be supported by substantial evidence in the record. Furthermore, the ALJ failed to articulate any basis for rejection of the testimony, and the ALJ has to articulate a basis for that. The job of the district court in these cases is to review the decision of the ALJ, and there's nothing to review if there's nothing said about that. So you say that even if the district court judge were to credit Chafee's testimony 100 percent, the findings of a GAF 50 that he could miss four days a month or more and that he had limited work activity would, as a matter of law, require a finding that Dew was disabled. Yes, and there's testimony in the record regarding a similar opinion that was expressed, both concerning the physical and mental limitations. That was by Dr. Phan, and the district court did discuss that. I believe we've advanced the argument that that discussion is not supported by substantial evidence in the record, but there is evidence in the file, and based on that evidence, in a hypothetical question to the vocational expert asked by Mr. Phan's attorney, the vocational expert responded that a person with those limitations, those are the ones found by treating Dr. Phan, would be unable to engage in substantial gainful employment, that there would be no jobs available. Well, Mr. Weather, a GAF score of 50 wouldn't mandate that an administrative law judge would find your client was disabled. I mean, it's probative evidence, perhaps, because it talks about, GFA 50 score talks about a serious impairment in terms of social activity, employment, and the like, but there's no case that holds the GFA 50 as some automatic requirement. Excuse me, Your Honor. No, I'm sorry. In fact, the law is the opposite. A particular GAF finding is not binding upon the administrative law judge. Here, the administrative law judge failed to mention it whatsoever. But the GAF score of 50 by itself would not compel the ALJ to find the person disabled. The conclusion that it was a severe impairment that flows from the GAF of 50 would be evidence that the administrative law judge is finding that the impairment of depression was not severe, was incorrect, and that it was not supported by substantial evidence in the record. But that's not binding on him. He could articulate reasons to reject that, and if he did so, then that would be a different case. Here, he did not do it. Is that why it's not harmless error in your view? Yes, Your Honor. Okay. And with the Court's permission, I will reserve the remainder of my time for rebuttal. Thank you. Good morning. Paul Sacolari for Michael J. Estrue, Commissioner of Social Security. I think that the Court has identified the salient issue in this case, whether or not the ALJ's failure to discuss Dr. Chafee's harmless error or not harmless error. I think there is clear case law in this Court that an ALJ's failure to discuss a report such as this can be considered harmless error, and it is the Commissioner's position that in this case it was indeed a harmless error. You seem to be in opposition to the law of the Ninth Circuit, if your adversary is correct. What case do you rely upon? He gave us a case stat. What case do you rely upon? We rely on Batson. Say that again? Batson? I'm sorry. Burke v. Barnhart, which I believe is the case that the district court relied on. Well, you actually cite in your brief for that proposition, Curry v. Sullivan, on page 31 of your brief. There is a proposition that Dr. Chafee's opinion can be harmless error. There is a long, long line of cases in the Ninth Circuit in the Social Security context that discuss harmless error. Well, what are the facts of Curry v. Sullivan compared to this case? I'm sorry. I'm not familiar with that at the moment. Well, you cited it in your brief as the lead case. Have you read your brief? I guess I have, Your Honor. But you just haven't read the cases that you cite in your brief. I've read many cases that are on this line, these lines of cases. There's two. The standard is that the error, it is harmless if it is inconsequential to the ultimate non-disability determination. And in this case, the ALJ's failure to discuss Dr. Chafee's report is indeed inconsequential. And why? If you look at the, for two reasons. First, if you look at the substance of Dr. Chafee's report, the substance of Dr. Chafee's report doesn't indicate any actual functional limitations that would apply to Mr. Doe's ability to perform basic work activities. And the other reason is when you look at Mr. Doe's... Your opposing counsel says that Dr. Chafee's report says that Mr. Doe will miss more than four days a month at work. Isn't that a substantial limitation on his functional ability? I respectfully disagree. I don't think that is in Dr. Chafee's report. I didn't find that anywhere in there. And in addition, if you look at Mr. Doe's treating record, he was treated for years, and his treating physicians, none of them indicate any disabling symptoms. There were two reasons why Chafee's, the ALJ's, I think by now confessed error in not saying why he wasn't considering Chafee was harmless. One was because the substance shows no functional limitations. What's the second one? The second is that Dr. Chafee's report also indicates that Mr. Doe was able to perform all of his normal daily activities. And also if you look at his treatment record, throughout the treatment record, his physicians performed mental status exams. All those, virtually all those mental status exams indicated no mental impairment. And, in fact, quite a few of those reports actually actively noted no depression. So if you look at the... Dr. Chafee noted depression. Indeed. But he also did not, said the depression did not affect Doe's mental functioning. There's nothing in there that says, in Dr. Chafee's report, that indicates that the depression had any effect on his ability to perform basic work activities. Well, but your argument's a little over-inclusive because doctors Kanzler and Caffey treated Mr. Doe for psoriasis. You wouldn't expect them to weigh in on his mental condition when they're treating him only for psoriasis, would you? Indeed, some of those doctors. But if you look at his treatment at Santa Clara Valley Clinic, those doctors, although they were primarily treating him for other symptoms, they did have formats that they used for their reports. Those formats included mental status exams. Those mental status exams, for the most part, were normal. And if you also look at the notes that those doctors had within those treatment reports, in some of them they actively noted no depression. So if you look at his treatment record as a whole, his treatment record as a whole supports the ALJ's determination that Mr. Doe's depression was not severe. That is, it didn't significantly limit his ability to perform basic work activities. But you wouldn't expect a physician, either a dermatologist or a general practitioner, treating somebody for psoriasis to engage in a mental status exam, would you? Well, in this case, that is what is in the record. I mean, his treatment record, if you look at the treatment record, those reports from the hospital include kind of general physical and mental exam. Well, not from doctors Kanzler and Caffey. You're not suggesting they weighed in on his mental status? No, not those doctors. But Dr. Phan and the other doctors who saw him and treaters who saw him at Santa Clara, those reports have a specific part in the report that has checkboxes that are for mental status. Those boxes are checked for normal. And furthermore, when you look into the notes of the report, those notes also, some of them also indicate specifically no depression. So when you look at the record as a whole, it is substantial evidence in support of the ALJ's determination, despite Dr. Chaffee's report. If there are no further questions, the Commissioner will then submit his ‑‑ submitted on the briefs and request that you affirm the district court's decision. Thanks.  Mr. Weather? Yes, Your Honor. If it pleases the Court, I misspoke in my initial presentation when I said that Dr. Chaffee had found the limitation of he would miss more than four days of work a week. That is actually contained in Dr. Phan's report in the administrative record at page 576. The box indicating that he would miss more than four days of work a week. And he indicated that depression was an additional factor, and he based that on Dr. Chaffee's examination, not on a mere uncritical acceptance of the subjective symptoms of the claimant as part of the case. So Phan's report was considered by the ALJ? Yes, Your Honor. The ALJ stated that he was rejecting Dr. Phan's report because it appeared to be based upon the acceptance of the subjective complaints. If you look at that report, that's not in fact the case. He refers to Dr. Chaffee's report in his report, but that's never referred to by the administrative law judge. And so the administrative law judge failed to articulate a basis for rejecting Dr. Chaffee's report. Now, the cases are mixed on whether that requires a reversal of the decision with a remand for a ward of benefits or whether it requires a remand for a ward of new hearing. That's discussed fairly articulately by this Court.  That particular distinction is discussed in Vasquez v. Astruz. And in that case, this Court held that the credit as true doctrine is not mandatory, that the Court can reverse for a new hearing if there are issues that would be resolved. However, in this case, if we credit as true Dr. Chaffee's report, I think, and she's the examining psychologist, and then if we also credit as true Dr. Phan's report, which the ALJ failed to articulate adequate reasons that are supported by evidence for rejecting, then it's clear that crediting those is true, that the only conclusion that's possible is that Mr. Due is in fact disabled and that the case should be reversed with an order to award benefits immediately. That would be in compliance with Ninth Circuit precedents, and it would be conserving judicial and administrative resources rather than have a new hearing to reconsider the matter with all of the issues resolved. We should go ahead and this Court should go ahead and award benefits. Thank you. Thank you very much. The case of Due v. Astru will be submitted as of this time, and we thank counsel for their presentations. And the next case on the calendar and the last one is Kellyanne Warden v. Michael Astru. Would you step forward? I can't hear you from there. Your Honor, I just ask permission to step forward. I represent the commissioner, but I wanted to let you know that opposing counsel had emailed me this morning to say that his flight was delayed and that he anticipated being at the court by 11 a.m. That's the only information I have. Well, then what we'll do is declare a recess at this time, and we'll go and consider the cases we already heard. And will you kindly inform us when counsel arrives? Thank you very much. All right. Court is adjourned until 11 o'clock or whatever time counsel arrives.
judges: Bennett, Wallace, Bea